# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| NATHAN RAYNARD MARSHALL | § | |
| | § | |
| V. | § | A-18-CV-410-LY |
| | § | |
| AUSTIN CITY POLICE DEPARTMENT | § | |
| and OFFICER SUNYICH | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules. Before the Court are Plaintiff's complaint brought pursuant to 42 U.S.C. § 1983 (Document No. 1); Plaintiff's more definite statement (Document No. 6); Plaintiff's amended complaint (Document No. 7); and Defendant Sunyich's Motion to Dismiss (Document No. 14). Plaintiff did not file a response thereto. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## I. BACKGROUND

At the time he filed his complaint, Plaintiff was an inmate incarcerated in the Travis County Correctional Complex. Plaintiff sues the Austin Police Department and Officer Sunyich #8440. Plaintiff alleges he was harassed by the Austin City Police Department on September 17 when he was at his friend's house. Plaintiff claims he told a police officer he needed to go the State Hospital, but the police took him to Central Booking at the Travis County Jail instead. At the jail, he was allegedly charged with "assault on security," which he denied committing. Plaintiff seeks punitive damages, lost wages and "million for damages to reputation."

On May 22, 2018, the Court directed Plaintiff to file a more definite statement. He did so on May 29, 2018, and clarified that Officer Sunyich falsely arrested him for an offense he did not commit. He further notes he has no recollection of the events in question. In his supplemental or amended complaint (Document No. 7), Plaintiff clarifies he was at his friend's house on September 17, 2017, at 2:00 a.m. According to Plaintiff, the APD and EMS pulled up and asked him whether he needed medical attention and assessed whether Plaintiff was "ok to go through the day." Plaintiff asserts the male officer asked him to walk to the car, and the police officer took him to Central Booking and placed him under arrest for assaulting a security guard. Plaintiff denies he assaulted the guard.

After consideration of the complaint, more definite statement, and amended complaint, the Court ordered service on Officer Sunyich. The Court did not order service on the Austin City Police Department, as the police department is not an entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); *Darby v. Pasadena Police Dep't*, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Officer Sunyich has now moved to dismiss the complaint. She asserts service was not proper, Plaintiff has failed to state a claim upon which relief can be granted, and she is entitled to qualified immunity.

## II. LEGAL STANDARDS

A. <u>Standard Under Rule 12(b)(6)</u>

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6)

the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007)).

  B.  <u>Liability Under 42 U.S.C. § 1983</u>

Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws.'" *Baker v. McCollan*, 443 U.S. 137, 140 (1979); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir. 1994). "By its terms, of course, the statute creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citing *Baker*, 443 U.S. at 140, 144 n.3). Even after the plaintiff has established a deprivation of a constitutional right, he must still show that the defendant was the "person" who caused the plaintiff's deprivation. *Id.* at 817.

### III. ANALYSIS

Records from Travis County District Court reflect Plaintiff was charged with assault on security officer that took place on September 20, 2017. *See State v. Marshall*, No. D-1-DC-17-

206464 (Dist. Ct. of Travis County, 299th Judicial Dist. of Texas).¹ The arrest warrant filed in that cause states:

> I, Officer Sunyich #8440, responded to Dell Seton Medical Center Emergency Room at 1501 Red River St. to assist APD Officer Ramirez #5663 with a violent subject. The subject was identified as Nathan Marshall. Prior to my arrival, the hospital staff and Officer Ramirez had restrained Marshall to a chair. Officer Ramirez explained to me that Marshall was acting very aggressive prior to being restrained and had threatened to fight the hospital staff. Officer Ramirez stated that he witnessed Marshall kick a Seton security guard in the shoulder while they were restraining him.
>
> * * *
>
> On 09-20-17 at the time of the incident, [the victim] was on duty as a licensed security guard at Dell Seton Medical Center. [The victim] was wearing a security uniform with patches on both sleeves with the words "Seton Security". [The victim] was wearing a name badge on the front of his uniform shirt that stated his name and position as a security guard. [The victim] explained that he was helping the hospital staff restrain Marshall to a chair because Marshall was acting aggressive and wanted to leave the hospital. [The victim] stated that he was attempting to secure Marshall's legs to the chair when Marshall kicked [him] in the right shoulder. [The victim] stated he has pain to his right shoulder.

After examining the affidavit, Municipal Judge Alfred Jenkins III determined that probable cause existed for the issuance of an arrest warrant. He set bond at $50,000. The trial court ordered an examination of Plaintiff regarding competency. Subsequently, the Grand Jury failed to find a bill of indictment against Plaintiff regarding the alleged assault on the security officer.

In a separate case, a judge for the Municipal Court, City of Austin, issued an arrest warrant for Plaintiff on September 21, 2017. *See State v. Marshall*, No. D-1-DC-17-206479 (Dist. Ct. of Travis County, 299th Judicial Dist. of Texas).² In this case Plaintiff was indicted for manslaughter,

---

¹*See* https://public.co.travis.tx.us/aaro/Default/CaseDetails?caseNumber=550185 (last visited Sept. 25, 2018).

²*See* https://public.co.travis.tx.us/aaro/Default/CaseDetails?caseNumber=550291 (last visited Sept. 25, 2018)

a second degree felony, allegedly committed on September 17, 2017. The indictment included an enhancement paragraph alleging Plaintiff had previously been convicted of Assault Family Violence. The court ordered an examination of Plaintiff regarding competency. On December 5, 2017, the court found Plaintiff incompetent to stand trial. On August 23, 2018, the court ordered a second examination regarding competency. The competency evaluation report has been filed, but no further ruling has been issued.

Although Plaintiff's pleadings are difficult to understand, it appears he is challenging Officer Sunyich's arrest of him on September 20, 2017, for the alleged assault on the security officer. (There appears to be no involvement by Officer Sunyich with regard to the events leading to the manslaughter charge from September 17, 2017.) With regard to the September 20, 2017 arrest Plaintiff has not pleaded any facts that support an allegation that Officer Sunyich did not have probable cause to arrest him. "The right to be free from arrest without probable cause is a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012, 1016 (5th Cir. 1994). A false-arrest claim requires a showing of no probable cause. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). Probable cause exists "when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001). "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000). Probable cause requires only "a probability or substantial chance of criminal activity, not an actual showing of such activity." *Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983). Probable cause is a "practical and common-sensical standard." *Florida v. Harris*, 568 U.S. 237, 244 (2013).

Under the independent-intermediary doctrine, "'if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation' for the Fourth Amendment violation." *Jennings v. Patton*, 644 F.3d 297, 300–01 (5th Cir. 2011) (quoting *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 813 (5th Cir. 2010) ). "[E]ven an officer who acted with malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's independent decision breaks the causal chain and insulates the initiating party." *Buehler v. City of Austin/Austin Police Dept*, 824 F.3d 548, 554 (5th Cir. 2016) (quoting *Hand v. Gary*, 838 F.2d 1420, 1427 (5th Cir. 1988)), *cert. denied sub nom. Buehler v. Austin Police Dep't*, ⎯⎯ U.S. ⎯⎯, 137 S. Ct. 1579 (2017). Plaintiff was arrested for assault on a security officer. A person commits an assault if the person:

> (1) intentionally, knowingly, or recklessly causes bodily injury to another, including the person's spouse;
>
> (2) intentionally or knowingly threatens another with imminent bodily injury, including the person's spouse; or
>
> (3) intentionally or knowingly causes physical contact with another when the person knows or should reasonably believe that the other will regard the contact as offensive or provocative.

TEX. PENAL CODE § 22.01(a). The assault is a third degree felony if committed against "a person the actor knows is a security officer while the officer is performing a duty as a security officer." TEX. PENAL CODE § 22.01(b)(4). Here, a municipal judge found probable cause to arrest Plaintiff for assault on a security officer. Plaintiff has not pleaded any facts that the deliberations of that intermediary were in some way tainted. As such, Plaintiff's complaint fails to state a claim upon which relief can be granted.

## IV. RECOMMENDATION

The undersigned recommends that the District Court **GRANT** Defendant Sunyich's Motion to Dismiss and **DISMISS WITH PREJUDICE** Plaintiff's claims brought against Defendant Sunyich and the Austin City Police Department.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within 14 days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. *en banc*, 1996).

SIGNED this 16th day of October, 2018.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE